Mari, Demandante y Apelado, *v.* Pabón et al., Demandados y Apelantes.

No. 3220.—*Visto:* Marzo 31, 1924. *Resuelto:* Junio 18, 1924.

Desestimación de Apelación—Transcripción—Certificación de la Transcripción.—Procede la desestimación del recurso cuando la transcripción de los autos en que se basa no está certificada por el Secretario de la Corte o por los abogados de las partes.

Moción sobre desestimación de apelación. *Con lugar.*

A. *Nazario Lugo* y P. *Amado Rivera,* abogados de los apelantes; *Benet & Suffront,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Pende de resolución ante esta corte una moción de la

parte apelada solicitando la desestimación del recurso por no estar certificada la transcripción de los autos de acuerdo con la ley, ni haberse redactado el alegato de los apelantes de conformidad con el reglamento de este Tribunal.

El llamado "record de la apelación" consta de 79 páginas en maquinilla y comprende, formando un solo cuerpo, las alegaciones y las pruebas.

Al final dice:

"CERTIFICAMOS:—Que las precedentes constancias constituyen la transcripción original del récord de la apelación establecida por la parte demandada, del que constan la demanda, excepciones, contestación de los demandados, prueba testifical y documental introducidas como materia de evidencia en juicio por las partes, &, &, comprendiéndose a su vez las resoluciones de la corte en el procedimiento, la sentencia final, apelación y prórrogas concedidas para la preparación de la transcripción; todas cuyas constancias constituyen el récord de la apelación de sentencia establecida por los demandados en este litis.—Y para los fines y efectos del recurso establecido para ante la Honorable Corte Suprema de Puerto Rico, certificamos la presente transcripción del récord de la apelación, legajo de la sentencia y notificación de la apelación, hoy, en Mayagüez, a 24 de agosto de 1923. — A. Nazario Lugo, abogado de los apelantes.— ——— ———, abogados del demandante-apelado.

"Notificados con copia del anterior récord de apelación hoy 24 de agosto de 1923.—Benet & Souffront.

"Yo Angel Acosta Quintero, Juez de la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., CERTIFICO: Que la transcripción del récord taquigráfico que antecede es el mismo que ha sido presentado en este caso civil número 9301 de Ernesto Mari y Rodríguez vs. Dionisio Ulises Pabón, sobre nulidad y cancelación y lo APRUEBO por ser una transcripción exacta y verdadera de los procedimientos habidos durante el juicio y ordeno que la misma forme parte del récord de apelación a los efectos de la establecida por el demandante.

"Dado bajo mi firma y sello de la Corte en Mayagüez, P. R., a 4 de diciembre de 1923.—Angel Acosta, Juez del Distrito."

Como puede observarse en seguida, la transcripción fué preparada para ser certificada por los abogados de ambas partes, pero los abogados de la parte apelada no lo hicie-

ron, limitándose a consignar que fueron notificados con copia de la transcripción. Siendo ello así, carece en absoluto de valor la primera certificación.

La del juez que la sigue ¿qué alcance tiene? Se refiere al ''récord taquigráfico que antecede.'' ¿Es en verdad lo que antecede un récord taquigráfico?

Para contestar esas preguntas debemos examinar cuatro certificaciones que las partes han archivado con motivo de la moción de desestimación.

Las dos primeras lo fueron por la parte apelante para impugnar la moción. Dicen, en lo pertinente, así:

''Noviembre 16, 1923.—En este caso comparecieron las partes por medio de sus abogados para la vista y aprobación de la transcripción del récord taquigráfico y la corte, después de oir a las partes, aprueba dicha transcripción.''

''Certifico:—Que la orden que antecede consta al folio 142 del libro 72 de minutas de esta corte.

''Y a petición . . . .—Enrique Báez, Secretario Corte Distrito, Mayagüez, P. R.''

————

''En este caso, el día 16 de noviembre de 1923, señalado para la vista de la transcripción del récord taquigráfico presentado por el demandado apelante a los efectos de la apelación, compareció el abogado de la parte demandante.

''Demandante.—No hay oposición.

''Juez.—No habiendo oposición se aprueba el récord taquigráfico.

''CERTIFICO:—Que lo que antecede es una copia. . . . . Gonzalo Arán, Taquígrafo Corte Distrito.''

La tercera y la cuarta fueron aportadas por la parte apelada. Expresan, también en lo pertinente, lo que sigue:

''Yo, Enrique Báez, Secretario de la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., por la presente CERTIFICO:—Que en el caso arriba titulado, el taquígrafo de la corte no radicó en Secretaría el récord taquigráfico original, ni tampoco los demandados y apelantes, quienes presentaron para la aprobación de la corte, una transcripción de todos los autos incluyendo las alegaciones de las partes, la declaración de los testigos y la prueba documental ofrecida en la vista del juicio, todo lo cual fué elevado al Honora-

ble Tribunal Supremo por el funcionario que suscribe. Y a petición de . . . . . Enrique Báez, Secretario Corte Distrito.''

"Yo, Gonzalo Arán, bajo juramento declaro y certifico:

"Que soy el Taquígrafo de la Corte de Distrito del Distrito Judicial de Mayagüez, Puerto Rico, y lo era en las fechas que más adelante se expresarán; que con anterioridad al día 16 de noviembre de 1923, procedí a sacar el récord taquigráfico del juicio celebrado en el caso arriba titulado, y a petición del demandado y apelante Dionisio Ulises Pabón, no incluí en dicho récord taquigráfico la prueba documental ni radiqué dicho récord taquigráfico en la Secretaría de la Corte, ni notifiqué el mismo al demandante y apelado Ernesto Mari Rodríguez ni a sus abogados Benet & Souffront, habiendo entregado dicho récord original al propio demandado y apelante Dionisio Ulises Pabón. Y a petición de . . . . . Gonzalo Arán.

"Suscrito y jurado ante mí por don Gonzalo Arán, . . . . Enrique Báez, Secretario Corte Distrito.''

Se deduce que la parte apelante pidió al taquígrafo las notas de las declaraciones orales y con ellas como base y con las alegaciones y los documentos aportados como prueba ella misma preparó la transcripción de los autos que fué aprobada por el juez con la intervención de la parte apelada según las minutas de la corte el 16 de noviembre de 1923. Tanto la minuta del secretario como las notas del taquígrafo hablan del "récord taquigráfico" cuando en verdad lo sometido y aprobado fué el "récord de la apelación," según sus otras certificaciones. La orden de aprobación no aparece como debe aparecer de la transcripción misma.

Así las cosas, el apelante redactó la certificación para ser firmada por los abogados de las partes, pero ya hemos visto que los de la parte apelada no lo hicieron.

¿Qué debió hacer entonces el apelante? El único camino expedito que tenía de acuerdo con la ley era el de sustituir la certificación de los abogados por la del Secretario de la Corte. No lo siguió y obtuvo una certificación del juez que guarda relación con el otro procedimiento autorizado por la ley para preparar la transcripción de la

evidencia por el taquígrafo, procedimiento que no se siguió aquí porque aquí no existe transcripción alguna certificada por el taquígrafo precediendo a la certificación del juez, porque aquí el "récord de la apelación" no sólo comprende la prueba si que también las alegaciones que no aparecen autenticadas ni por el Secretario, ni por los abogados de las partes, únicos funcionarios con autoridad para hacerlo.

En cuanto al alegato, bastará decir que es un documento difuso que en verdad no se ajusta enteramente a las reglas de la corte.

Por virtud de todo lo expuesto, *debe declararse con lugar la moción* de la parte apelada y en su consecuencia *desestimarse el recurso.*